

# THE ATTORNEY GENERAL
## OF TEXAS

Grover Sellers
~~PROGRESSIVES~~
ATTORNEY GENERAL

AUSTIN. TEXAS

Hon. T. K. Wilkinson
County Auditor, Hill Co.,
Hillsboro, Texas

Dear Sir:

Opinion No. 0-6167
Re: Can the salaries of the
County Commissioners of
Hill County be legally
paid wholly out of the
general fund?

Your letter of November 2, 1944, requesting the opinion of this department on the question stated therein is as follows:

"Can the salaries of the Commissioners of Hill County be paid wholly out of the General Fund?"

The office of State Comptroller of Public Accounts informs us that the 1944 tax roll for Hill County is not now in his office. However, the records of his office reflect that the total assessed valuations of all properties certified by the County Assessor and Collector and approved by the Commissioners' Court for county purposes for the year 1943 was $20,357,450.00. His records further reflect that the for the year 1943, the constitutional limit of 25¢ on the $100.00 valuation was not levied for general purposes, but 21-3/4¢ on the $100.00 valuation was levied for general purposes for that year, (1943).

Article 2350, Vernon's Annotated Civil Statutes, provides in part:

"....In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties, certified by the county assessor and approved by the Commissioners' Court, for county purposes, for the previous year, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equally monthly installments, at least one-half and not exceeding three-fourths, out of the Road and Bridge Fund and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

...'$20,000,001.00 and less than $30,000,000.00, not to exceed $2,250.00 . . .'"

Article 2350(1), Vernon's Annotated Civil Statutes, reads as follows:

"The salary of each County Commissioner and each County Judge may be paid wholly out of the County General Fund or, at the option of the Commissioners Court, may be paid out of the County General Fund and out of the Road and Bridge Fund in the following proportions: County Judge not to exceed seventy-five per cent (75%) of such salaries may be paid out of the Road and Bridge Fund, and the remainder out of the General Fund of the County, and each County Commissioners's salary may, at the discretion of the Commissioners Court, all be paid out of the Road and Bridge Fund; provided this Section shall not apply except in counties where the constitutional limit of twenty-five cents (25¢) on the One Hundred Dollars ($100) is levied for general purposes."

Article 2350(1) was enacted in 1935 by the 44th Legislature, Regular Session, House Bill No. 408, Sec. 2, p. 1036. This same Act also amended Article 2350 and is the last amendment to said Article 2350.

Generally speaking, the annual salaries of County Commissioners is fixed by the Commissioners Court in its first regular meeting each year by order duly made and entered upon the minutes of the Court within the limits as provided by Article 2350. (See Article 2350 (2)). Such salaries are fixed by said Court based upon the total assessed valuations of all properties certified by the County Assessor-Collector, approved by the Commissioners Court for county purposes for the previous year. That is to say that the salaries of the County Commissioners for the year 1944 are base d on the total assessed valuation for the previous year (1943).

Article 2350(1) authorizes the Commissioners Court to pay all of the salary of each Commissioner out of the General Fund of the county provided the constitutional limit of twenty-five cents (25¢) on the $100 valuation is levied for general purposes. It will be noted, as above stated, that the constitutional limit of 25¢ on the $100 valuation was not levied for general purposes in Hill County for the year 1943. There was levied 21-3/4¢ on the $100 valuation for general purposes in said county for 1943. Therefore, the salaries of the County Commissioners of Hill County for the year 1944 cannot be wholly paid out of the General Fund but such salaries must be paid out of the funds and in the manner and amount as prescribed by Articles 2350 and 2350(1) for the year 1944.

In connection with the foregoing statement, it is our opinion, that if the county has legally levied the constitutional limit of 25¢ on the $100 valuation for general purposes for the year 1944 that the salaries of the County Commissioners of said county can be paid wholly out of the General Fund for the year 1945. Of course, this is within the discretion of the Commissioners Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
Assistant

APPROVED NOV. 13, 1944
/s/ Grover Sellers

AW:rt:jrb